■ DAVID BERNHEIM, Respondent, v MATTHEW BENDER & COMPANY, INC., Appellant. [663 NYS2d 577] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 16, 1996, which granted plaintiff's motion for a preliminary injunction to the extent of (1) directing defendant to preserve, until resolution of the action, the last seven releases of the four publications named by plaintiff, and the texts the releases supersede, and (2) directing plaintiff to file a $10,000 undertaking, unanimously affirmed, with costs.

Plaintiff sufficiently established his likelihood of success on the merits as to various causes of action arising from his claim that defendant falsely attributed to plaintiff the authorship of the 1995 supplement, claimed by plaintiff to be poorly done, to a treatise that had been originally authored by plaintiff (Bernheim, Defense of Narcotics Cases).

Plaintiff further demonstrated that, absent the injunction, he would suffer irreparable injury. In the absence of an injunction requiring defendant to maintain copies of the listed documents, no comparison could be made between the various releases and the texts they supersede to ascertain whether a pattern of fraudulent conduct exists, particularly with respect to issuance of releases that allegedly fail to update the original texts appropriately. Finally, plaintiff demonstrated that the equities are in his favor (*see, Grant Co. v Srogi*, 52 NY2d 496, 517; CPLR 6301).

The $10,000 undertaking is sufficient, since the burden imposed by the injunction is minimal (CPLR 6312 [b]). We

have considered defendant's other arguments and find them to be without merit. Concur—Nardelli, J. P., Mazzarelli, Andrias and Colabella, JJ.